**PARNESS LAW FIRM, PLLC**
136 Madison Ave., 6th Floor
New York, New York 10016
(646) 526-8261
hip@hiplaw.com
*Attorneys for Plaintiffs Franklin Capital*
  *Funding, LLC, and Franklin Capital*
  *Group, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In Re:<br><br><br>AVRUMI LUBIN a/k/a Josh Lubin, | Case No.: 26-17342-EJO<br>Chapter 11 |

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11**
**U.S.C. § 523(a)**

Plaintiffs Franklin Capital Group, LLC, a Michigan limited liability company, and Franklin Capital Funding, LLC, a Delaware limited liability company (together, "Franklin"), by and through their counsel, Parness Law Firm, PLLC, and for their Complaint against Defendant-Debtor Avrumi Lubin a/k/a Josh Lubin (the "Debtor"), allege as follows:

**NATURE OF THE ACTION**

1.     This is an adversary proceeding under Fed. R. Bankr. P. 7001(6) to determine that Franklin's judgment debt against the Debtor — entered on a jury verdict that the Debtor committed fraud — is excepted from discharge under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6).

2.     The judgment debt arises from a Florida jury verdict finding the Debtor liable for Fraud and Fraud in the Inducement, Tortious Interference with Business Relationships, and Civil Conspiracy, followed by entry of a final judgment in Franklin's favor.

**PARTIES, JURISDICTION, AND VENUE**

3.      Franklin are the judgment creditors of the Debtor and parties in interest in the above-captioned Chapter 11 case.

4.      The Debtor is the above-captioned Chapter 11 debtor, residing at 1460 Arboretum Parkway, Lakewood, New Jersey 08701.

5.      This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. § 1409. Franklin consents to the entry of final orders and judgment by this Court.

6.      This Complaint is timely filed within sixty (60) days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a), as required by Fed. R. Bankr. P. 4007(c).

**FACTUAL ALLEGATIONS**

7.      Frankin and the Debtor were parties to litigation in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *FVP Opportunity Fund III, L.P., et al. v. Hi Bar Capital, LLC, et al.*, Case No. CACE-22-005125 (the "Florida Action"), in which Franklin asserted Counterclaims and Crossclaims against the Debtor.

8.      Franklin's operative pleading asserted, fraud and fraud in the inducement, tortious interference with business relationships, and civil conspiracy against the Debtor.

9.      The claims were tried to a jury on September 24, 2025.

10.     On October 1, 2025, the jury returned a verdict against the Debtor and in favor of Franklin on Count 7 (Fraud and Fraud in the Inducement), Count 9 (Tortious Interference), and Count 10 (Civil Conspiracy).

11.     In finding for Franklin on Count 7, the jury necessarily determined that the Debtor made a false statement of material fact, knowing it was false, with the intent to induce Franklin to

2

rely on it, and that Franklin justifiably relied to its detriment and was damaged.

12. The Florida court entered Final Judgment ("Final Judgment") in favor of Franklin and against the Debtor awarding Six Million Dollars ($6,000,000.00) on Count 7, Count 9, and Count 10.

13. Pursuant to the Final Judgment, post-judgment interest continues to accrue at the rate defined in Fla. Sta. § 55.03(3) (collectively, "Judgment Debt").

14. The Judgment Debt arose directly from Debtor's false representations, actual fraud, and for willful and malicious injury to Franklin and its property.

### COUNT I – NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)

15. Franklin repeats and realleges paragraphs 1 through 14.

16. Section 523(a)(2)(A) excepts from discharge any debt for money or property obtained by false pretenses, a false representation, or actual fraud. The Judgment Debt is such a debt.

17. The jury's verdict and the resulting Final Judgment establish each element of fraud and are entitled to collateral-estoppel (issue-preclusive) effect in this proceeding. *Grogan v. Garner*, 498 U.S. 279 (1991); *In re Docteroff*, 133 F.3d 210 (3d Cir. 1997); *In re Leonelli-Spina*, 426 F. App'x 122 (3d Cir. 2011). Applying New Jersey issue-preclusion law, the fraud issue was identical, litigated to a jury verdict, essential to the Final Judgment, and decided against the Debtor, who had a full and fair opportunity to defend. *In re Chen*, 227 B.R. 614 (D.N.J. 1998).

18. The Judgment Debt, including interest, costs, and any fees and punitive amounts that are part of the judgment, is therefore non-dischargeable under §523(a)(2)(A).

## COUNT II — NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)

19.     Franklin repeats and realleges paragraphs 1 through 18.

20.     Section 523(a)(6) excepts from discharge any debt arising from willful and malicious injury by the debtor to another entity or the property of another.

21.     The Debtor intentionally interfered with Franklin's business relationship and knowingly participated in a civil conspiracy that caused Franklin substantial economic injury.

22.     The Debtor's conduct was deliberate, intentional, wrongful, and substantially certain to cause injury to Franklin, which resulted in the issuance of the Final Judgment.

23.     Accordingly, the Judgment Debt is independently excepted from discharge under to 11 U.S.C. § 523(a)(6). See In re Barr, 606 B.R. 210 (Bankr. D.N.J. 2019).

## PRAYER FOR RELIEF

WHEREFORE, Franklin respectfully request a judgment: (a) determining that the Judgment Debt, including all interest, costs, fees, and punitive amounts, is non-dischargeable under 11 U.S.C. § 523(a)(2)(A) and/or Section 523(a)(6); (b) awarding Franklin its costs and, to the extent permitted, attorneys' fees; and (c) granting such other relief as is just.

Respectfully,

**PARNESS LAW FIRM, PLLC**

Dated: July 22, 2026

By:      /s/ Hillel I. Parness
Hillel I. Parness
136 Madison Ave., 6th Floor
New York, New York 10016
(646) 526-8261
hip@hiplaw.com
*Attorneys for Plaintiffs Franklin
Capital Funding, LLC, and
Franklin Capital Group, LLC*

4