FILED-BANKRUPTCY 2026 AUG 21 AM 10:45

**AVRUMI LUBIN**
1460 Arboretum Parkway
Lakewood, New Jersey 08701
Telephone: (718) 570-3796
E-mail: josh@tetonfunding.com
Defendant, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **In re:**<br>**AVRUMI LUBIN,**<br>Debtor.<br><br>FRANKLIN CAPITAL GROUP, LLC and<br>FRANKLIN CAPITAL FUNDING, LLC,<br>Plaintiffs,<br><br>v.<br><br>AVRUMI LUBIN,<br>Defendant. | **Case No. 26-17342-EJO**<br>Chapter 11<br>Hon. Eamonn J. O'Hagan<br><br>**Adv. Pro. No. 26-01339-EJO** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND AND TO ADJOURN THE PRETRIAL CONFERENCE

1. Federal Rule of Bankruptcy Procedure 7012(a)(1) generally requires a defendant to serve an answer within 30 days after the summons is issued. Federal Rule of Bankruptcy Procedure 9006(b)(1) permits the Court, for cause shown, to enlarge a period before it expires. Because this Motion is made before August 24, the ordinary cause standard applies; excusable neglect is not required. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 382–83, 395 (1993) (the stricter "excusable neglect" standard governs only post-expiration requests, and even that standard is "at bottom an equitable one"); In re Vertientes, Ltd., 845 F.2d 57, 60 (3d Cir. 1988) (the court's discretion to extend time encompasses "requests made before the expiration of the originally prescribed time limitation").

2. D.N.J. LBR 9013-6(a) independently protects a timely request in a Chapter 11 case. Unless an extension is otherwise prohibited, a motion filed before the period expires automatically extends the time until the Court rules, without a bridge order. If the Motion is denied, D.N.J. LBR 9013-6(b) governs the short period to act after denial.

3. Cause exists. Defendant is self-represented, is actively attempting to retain counsel, and must respond carefully to fraud-based nondischargeability allegations while meeting overlapping Chapter 11 obligations. The request is Defendant's first extension request in this adversary and seeks a finite 35-day enlargement. In this District, a defendant's good-faith effort to obtain an extension of time to answer a nondischargeability complaint by consent supports a finding of cause. See Great Frame Up Sys., Inc. v. Bernstein (In re

Bernstein), 113 B.R. 172, 174 (Bankr. D.N.J. 1990) (holding, on a motion for relief after a default had already been entered, that the movant's "good faith effort to obtain an extension of time in which to answer by consent order" would "in itself" constitute good cause). Defendant made that effort by emails on August 18 and 19, 2026, before filing; Plaintiffs' counsel replied on August 20, 2026 that he was awaiting his clients' instructions. Defendant's concurrent obligations in the main case — including the pending motion to appoint a Chapter 11 trustee, now scheduled for September 17, 2026 — further support the request.

4. The extension will not prejudice Plaintiffs. The adversary is at its earliest stage. Plaintiffs' allegations and remedies remain intact, and no trial date or merits-discovery deadline will be displaced. Defendant sought consent before filing; as of filing, Plaintiffs' counsel had stated only that he awaits his clients' instructions. See Bernstein, 113 B.R. at 174 (no prejudice where "a determination of the merits of these serious allegations" will be required in any event).

5. The September 24 pretrial should also be adjourned because it precedes the requested response date and would not permit orderly completion of the pleadings or the disclosures and scheduling work that follow an answer. Defendant requests October 15, 2026 at 2:00 p.m., or another date set by the Court. Federal Rule of Bankruptcy Procedure 7016(a) applies Federal Rule of Civil Procedure 16 in adversary proceedings, and the scheduling of the pretrial conference rests in the Court's discretion. D.N.J. LBR 7016-1 contemplates pretrial scheduling on dates the parties can jointly propose, which is practicable only after the pleadings are complete.

6. The Motion does not address the merits. All defenses, objections, and responses—including any defense available under Federal Rule of Civil Procedure 12 as incorporated by Federal Rule of Bankruptcy Procedure 7012—are reserved.

For these reasons, Defendant respectfully requests entry of the proposed Order.

Dated: August 20, 2026

**AVRUMI LUBIN**
Defendant, Pro Se