FILED
JEANNE A. NAUGHTON, CLERK
SEP 2 3 2026
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY ________ DEPUTY

Avrumi Lubin, Defendant, Pro Se
1460 Arboretum Parkway
Lakewood, New Jersey 08701
Telephone: (718) 570-3796
Email: josh@tetonfunding.com

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2026 SEP 23 P 4: 01

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>**AVRUMI LUBIN,**<br>Debtor. | Chapter 11<br>Case No. 26-17342-EJO |
| **FRANKLIN CAPITAL GROUP, LLC and**<br>**FRANKLIN CAPITAL FUNDING, LLC,**<br>Plaintiffs,<br>v.<br>**AVRUMI LUBIN,**<br>Defendant. | Adv. No. 26-01339-EJO<br><br>Hon. Eamonn J. O'Hagan<br>Hearing: October 15, 2026<br>10:00 a.m. |

# MEMORANDUM OF LAW IN SUPPORT OF SECOND EXTENSION MOTION

## I. The request is made before the existing response deadline.

Federal Rule of Bankruptcy Procedure 9006(b)(1)(A) permits an extension for cause on a request made before the applicable period, including a previously extended period, expires. Rule 7012(a)(1) permits the Court to set a different time to answer a complaint. Adversary Dkt. 7 fixes September 28, 2026 as the response date. Defendant requests a thirty-day extension to October 28 before that date, rather than relief from an expired deadline.

## II. The recent counsel change supports a limited extension.

During the first extension, Defendant retained proposed main-case counsel on September 16. Counsel advised him on September 17 that representation was terminated and filed a withdrawal notice September 18. The September 22 formal withdrawal motion, to which Defendant consented, is set for September 24. Main-case Dkts. 98, 104, 110, 110-1 paragraphs 4-6, 13-14 and 25, and 113; Certification, paragraphs 4-7. This chronology documents concrete efforts to obtain representation and their disruption. Counsel states that the firm was not retained to undertake Defendant's individual adversary defense. Dkt. 110-1, paragraph 22. No ruling on that scope or the propriety of withdrawal is requested. Defendant seeks thirty days to prepare his response, with or without new counsel. The withdrawal proceedings do not themselves extend this deadline.

**III. The response deadline should remain extended pending decision.**

D.N.J. LBR 9013-6(a) provides an automatic interim extension when a motion to extend time is filed before the period expires, unless the Code, rules, or a court order provides otherwise. The Rule expressly includes periods fixed by court order, and its comment extends the protection to all Chapter 11 cases. Defendant invokes that provision in this adversary proceeding arising in his Chapter 11 case and requests confirmation that it applies. If the Court determines that a separate interim order is necessary, Defendant alternatively requests one under Rule 9006(b)(1)(A). He does not contend that sending a consent-request email or filing this motion itself grants October 28 as the final response date.

D.N.J. LBR 9013-6(b) contemplates hearing the request on the next available hearing date under LBR 9013-2. The motion is noticed for October 15, 2026 at 10:00 a.m. The pretrial adjournment is sought separately under LBR 5071-1 and is not presumed granted.

**IV. Requested disposition.**

Defendant respectfully requests an extension through October 28, 2026 to file and serve an answer, motion, or other response to the Complaint, together with the interim scheduling protection described above. All claims, defenses, and objections remain for determination through the ordinary adversary process.

Dated: September 23, 2026

______________________________

Avrumi Lubin, Defendant, Pro Se