Avrumi Lubin, Defendant, Pro Se
1460 Arboretum Parkway
Lakewood, New Jersey 08701
Telephone: (718) 570-3796
Email: josh@tetonfunding.com

FILED:BANKRUPTCY:NJ
2026 OCT 27 PM4:00 54

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>AVRUMI LUBIN a/k/a Josh Lubin,<br>Debtor. | Chapter 11<br>Case No. 26-17342-EJO<br>Hon. Eamonn J. O'Hagan |
| FRANKLIN CAPITAL GROUP, LLC and<br>FRANKLIN CAPITAL FUNDING, LLC,<br>Plaintiffs,<br>v.<br>AVRUMI LUBIN,<br>Defendant. | Adv. Pro. No. 26-01339-EJO<br>Pretrial Conference:<br>December 3, 2026, 10:00 a.m. |

# DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

Defendant Avrumi Lubin ("Defendant"), appearing pro se, answers the Complaint of Plaintiffs Franklin Capital Group, LLC and Franklin Capital Funding, LLC (together, "Franklin") as follows. Each numbered paragraph below responds to the paragraph of the Complaint with the same number. Any allegation not expressly admitted is denied.

## NATURE OF THE ACTION

1. Defendant admits that the Complaint purports to bring an adversary proceeding under Fed. R. Bankr. P. 7001(6) seeking a determination under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6). Defendant denies that any debt owed to Franklin is excepted from discharge. Defendant admits that a jury returned a verdict in Franklin's favor on three counts in the Florida action identified in paragraph 7 and that a judgment was entered on that verdict; the verdict form and the judgment speak for themselves, and Defendant denies Franklin's characterization of them.

2. Defendant admits that a Florida jury returned a verdict in Franklin's favor on counts styled fraud and fraud in the inducement, tortious interference with business relationships, and civil conspiracy, and that a final judgment was entered on October 6, 2025. Defendant denies the remaining characterizations in paragraph 2. Defendant

further states that the judgment is the subject of a pending appeal to the Florida Fourth District Court of Appeal (No. 4D2025-3564) and of a pending motion under Fla. R. Civ. P. 1.540 filed February 16, 2026, and that this Court has held that the automatic stay applies to Defendant's Florida appeals (Main Case Dkt. 80).

## PARTIES, JURISDICTION, AND VENUE

3. Defendant admits that Franklin asserts claims against him as a judgment creditor and is a party in interest in the Chapter 11 case. Defendant denies that any claim of Franklin has been allowed in any particular amount.

4. Defendant admits that he is the debtor in the above-captioned Chapter 11 case and that his address of record is 1460 Arboretum Parkway, Lakewood, New Jersey 08701, as stated on his petition.

5. Defendant admits that this Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, that this proceeding is core under 28 U.S.C. § 157(b)(2)(I), and that venue is proper under 28 U.S.C. § 1409. Pursuant to Fed. R. Bankr. P. 7012(b), Defendant consents to the entry of final orders and judgment by the Bankruptcy Court.

6. Defendant admits that the Complaint was filed on July 22, 2026, and does not contest its timeliness under Fed. R. Bankr. P. 4007(c).

## FACTUAL ALLEGATIONS

7. Defendant admits that he and Franklin were parties to the Florida action styled FVP Opportunity Fund III, L.P., et al. v. Hi Bar Capital, LLC, et al., Case No. CACE-22-005125, Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida (the "Florida Action"), and that Franklin asserted counterclaims and crossclaims against him in that action. Defendant denies any remaining allegation of paragraph 7.

8. Defendant admits that Franklin's operative pleading asserted counts styled fraud and fraud in the inducement, tortious interference with business relationships, and civil conspiracy against him. The pleading speaks for itself. Defendant denies any further characterization.

9. Defendant admits that the jury trial of the claims against him began on September 24, 2025.

10. Defendant admits that on October 1, 2025 the jury returned a verdict in Franklin's favor on Count 7 (fraud and fraud in the inducement), Count 9 (tortious interference), and

Count 10 (civil conspiracy), as reflected in the verdict form, which speaks for itself. Defendant denies any characterization beyond the verdict form.

11. Paragraph 11 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies it. Defendant specifically denies that the jury necessarily determined that Franklin justifiably relied on any statement by Defendant, and denies that the verdict necessarily determined each element required by 11 U.S.C. § 523(a)(2)(A).

12. Defendant admits that on October 6, 2025 the Florida court entered a Final Judgment in favor of Franklin Capital Funding, LLC, together with and for the benefit of Franklin Capital Group, LLC, and against Defendant, stating a principal amount of $6,000,000.00 as to each of Count 7, Count 9, and Count 10, and providing in paragraph 14 that Franklin "may obtain only one recovery in the total amount of . . . ($6,000,000.00), and there shall be no double recovery." The Final Judgment speaks for itself. Defendant denies that the judgment is final in the sense of having exhausted appellate review, and refers to paragraph 2 above.

13. Defendant admits that the Final Judgment provides for post-judgment interest at the rate defined in Fla. Stat. § 55.03(3). Defendant denies that the "Judgment Debt," as Franklin defines it, is a debt for money obtained by fraud in its entirety, and denies that it is owed in the amount Franklin asserts, because the amount is subject to credits, setoffs, recoveries and the determinations described in the affirmative defenses below.

14. Denied.

## COUNT I — NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)

15. Defendant repeats his responses to paragraphs 1 through 14.

16. Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that the Judgment Debt is a debt for money or property obtained by false pretenses, a false representation, or actual fraud.

17. Denied. Defendant specifically denies that New Jersey issue-preclusion law governs; the preclusive effect of a Florida judgment is determined under Florida law (28 U.S.C. § 1738). Defendant denies that the verdict and Final Judgment establish each element of 11 U.S.C. § 523(a)(2)(A), including justifiable reliance under Franklin's false-representation theory and the required connection between fraud and the debt, and denies that the Florida requirements for collateral estoppel are satisfied.

18. Denied.

### COUNT II — NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)

19. Defendant repeats his responses to paragraphs 1 through 18.

20. Paragraph 20 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that the Judgment Debt arises from a willful and malicious injury.

21. Denied.

22. Denied. Defendant specifically denies that the jury found, or was asked to find, that Defendant intended to injure Franklin or acted with substantial certainty that injury would result; the verdict form and jury instructions speak for themselves.

23. Denied.

### RESPONSE TO THE PRAYER FOR RELIEF

Defendant denies that Franklin is entitled to any of the relief requested in the "WHEREFORE" clause of the Complaint, including a determination of non-dischargeability, costs, or attorneys' fees.

### AFFIRMATIVE DEFENSES

Without assuming any burden of proof that the law places on Franklin, Defendant asserts the following defenses. Defendant reserves the right to amend or supplement these defenses as discovery, the pending Florida appeal, the pending Rule 1.540 motion, and the post-trial findings in Mehdipour v. Hi Bar Capital, LLC, et al., Adv. No. 23-01132-EPK (Bankr. S.D. Fla.) may warrant.

**First Defense (Florida preclusion law; elements not met).** The preclusive effect of the Florida verdict and judgment is governed by Florida law under 28 U.S.C. § 1738, not by New Jersey law as the Complaint asserts. Under Florida law, collateral estoppel requires, among other things, that the identical issue was actually litigated and was critical and necessary to the judgment. The Florida verdict did not actually and necessarily decide each element of 11 U.S.C. § 523(a)(2)(A) or § 523(a)(6).

**Second Defense (justifiable reliance not decided).** To the extent Franklin relies on a false representation under 11 U.S.C. § 523(a)(2)(A), Franklin must establish justifiable reliance. Defendant denies that this issue was actually and necessarily decided by the Florida verdict. The state-law fraud label alone does not establish the applicable federal

dischargeability elements. Defendant also denies that Franklin has established a nondischargeable debt under any other theory of actual fraud.

**Third Defense (money or property "obtained by" the alleged fraud; amount).** Defendant denies that Franklin has established that the Judgment Debt, in whole or in part, arises from fraud within the meaning of 11 U.S.C. § 523(a)(2)(A). Franklin must establish the required connection between actionable fraud and the debt for which it seeks nondischargeability, including any interest, fees, or other amounts. Defendant disputes that the verdict and Final Judgment conclusively establish that connection or resolve the credits and recoveries asserted below. This defense does not contend that nondischargeability is limited to funds personally received by Defendant.

**Fourth Defense (no finding of willful and malicious injury).** Section 523(a)(6) requires a deliberate or intentional injury, not merely a deliberate act that leads to injury. Franklin has not identified, and on information and belief the verdict form does not contain, any finding that Defendant intended to injure Franklin or acted with substantial certainty that injury would result; verdicts on tortious interference and civil conspiracy do not necessarily include such a finding. Count II fails as a matter of preclusion and, on the merits, is denied.

**Fifth Defense (judgment under appellate review; abeyance).** The Final Judgment is the subject of a pending appeal (Fla. 4th DCA No. 4D2025-3564) and a pending motion under Fla. R. Civ. P. 1.540 filed February 16, 2026. This Court has held that the automatic stay applies to Defendant's Florida appeals (Main Case Dkt. 80), and FVP, the other judgment creditor from the same Florida action, has moved to modify that stay so the appeals may proceed (Main Case Dkt. 33). If the judgment is reversed or vacated, the sole basis pleaded for Counts I and II will no longer exist. Defendant requests that this proceeding be held in abeyance, or that discovery and dispositive motions be phased, pending the Florida appellate decision, with periodic status reports, and reserves his rights under Fed. R. Civ. P. 60(b)(5), made applicable by Fed. R. Bankr. P. 9024.

**Sixth Defense (payment, satisfaction, setoff, recoupment and credit; one recovery).** The Final Judgment itself provides (¶ 14) that Franklin "may obtain only one recovery in the total amount of . . . ($6,000,000.00), and there shall be no double recovery." Any amount determined to be nondischargeable must be reduced by all amounts Franklin or its affiliates have received or recovered on account of the same loss, including recoveries from co-obligors, settlements, and, to the extent it compensates the same loss, any recovery on the judgment entered April 1, 2025 in favor of Franklin Capital Funding, LLC against Spin Capital LLC in Franklin Capital Funding, LLC v. Spin Capital LLC, et al., No. 22-193300-CB (Mich.

Cir. Ct., Oakland County), and Franklin may not obtain a double recovery for a single injury.

**Seventh Defense (estoppel; inconsistent positions).** Franklin is barred, in whole or in part, by the doctrines of judicial estoppel, equitable estoppel and waiver from asserting positions in this proceeding that are inconsistent with the positions it took, under oath or in pleadings, in the Michigan, New York and Florida proceedings concerning the same transaction, the ownership of Spin Capital, LLC's rights, and the relationship among Defendant, Spin Capital, LLC and Hi Bar Capital, LLC.

**Eighth Defense (attorneys' fees and costs).** Franklin has identified no statutory or contractual basis for an award of attorneys' fees in this proceeding, and none exists.

**Ninth Defense (reservation).** Defendant reserves the right to amend this Answer as permitted by Fed. R. Civ. P. 15, made applicable by Fed. R. Bankr. P. 7015, including to seek leave to assert additional defenses or any counterclaim he is legally authorized to assert. No counterclaim is asserted in this Answer.

## STATEMENT REGARDING CONSENT

Pursuant to Fed. R. Bankr. P. 7012(b), Defendant consents to the entry of final orders and judgment by the Bankruptcy Court in this adversary proceeding.

WHEREFORE, Defendant respectfully requests that the Court (a) enter judgment in his favor on Counts I and II of the Complaint, determining that the debt is not excepted from discharge under 11 U.S.C. § 523(a)(2)(A) or § 523(a)(6); (b) alternatively, hold this proceeding in abeyance pending the Florida appellate decision in No. 4D2025-3564, with periodic status reports; (c) deny Franklin's request for costs and attorneys' fees; and (d) grant such other relief as is just.

Dated: October 27, 2026
Lakewood, New Jersey

______________________________
Avrumi Lubin, Defendant, Pro Se
1460 Arboretum Parkway
Lakewood, New Jersey 08701
(718) 570-3796
josh@tetonfunding.com