UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Avrumi Lubin, Defendant, pro se
605 West 42nd Street
New York, New York 10036
(718) 570-3796 | josh@tetonfunding.com

Case No.: 26-17342-EJO

Adv. No.: 26-01339-EJO

In Re:
AVRUMI LUBIN a/k/a Josh Lubin, Debtor.

Hearing Date: December 3, 2026

Judge: Eamonn J. O'Hagan

FRANKLIN CAPITAL GROUP, LLC, et al.

Plaintiff(s)

v.

AVRUMI LUBIN

Defendant(s)

**ORDER**

EXTENDING TIME TO AMEND ANSWER

The relief set forth on the following pages, numbered two (2) through two (2), is **ORDERED**.

# PROPOSED ORDER EXTENDING TIME TO AMEND ANSWER

In re Avrumi Lubin | Case No. 26-17342-EJO
Adversary No. 26-01339-EJO

Upon consideration of Defendant Avrumi Lubin's motion, supporting certification and memorandum, after notice and opportunity to be heard, and for cause shown, IT IS ORDERED:

1. The period for Defendant's unused amendment as a matter of course under Civil Rule 15(a)(1)(A), incorporated by Bankruptcy Rule 7015, is extended through **December 17, 2026** pursuant to Bankruptcy Rule 9006(b)(1). This includes counterclaims Defendant is otherwise legally entitled and authorized to assert.

2. ECF No. 13's prohibition on further extensions of the initial response deadline does not bar this distinct amendment-period extension. The original Answer remains operative unless properly amended.

3. Interim extension of the unused amendment period pending disposition of this timely motion is confirmed under D.N.J. LBR 9013-6. To the extent a separate interim extension is necessary, the Court grants it from the original amendment deadline through disposition of this motion. Paragraph 1 supplies the new amendment deadline following this ruling.

4. This Order determines pleading timing only. It does not authorize prosecution of claims belonging to any other person, entity or estate; determine ownership, standing, joinder, compulsory-counterclaim status or the merits; toll a substantive limitations or repose period; or resolve any preclusion or other substantive defense. It does not admit or determine the effect of any disputed assignment, transfer or alter-ego contention.

5. The December 3, 2026 pretrial conference, initial disclosures, and all other obligations and orders remain unchanged. No ruling is made on any later request for leave to amend or other relief.