UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Avrumi Lubin, Defendant, pro se
605 West 42nd Street
New York, New York 10036
(718) 570-3796 | josh@tetonfunding.com
Adv. No. 26-01339-EJO

FILED BANKRUPTCY NJ
2026 NOV 9 PM 4:15:16

In Re:
AVRUMI LUBIN a/k/a Josh Lubin, Debtor.
FRANKLIN CAPITAL GROUP, LLC, et al. v. AVRUMI LUBIN

Case No.: 26-17342-EJO

Chapter: 11

Hearing Date: To be set by Court

Judge: Eamonn J. O'Hagan

**APPLICATION FOR ORDER SHORTENING TIME**

The applicant Avrumi Lubin, on behalf of himself individually requests that the time period to/for notice and hearing of extension motion as required by D.N.J. LBR 9013-2(a) be shortened pursuant to Fed. R. Bankr. P 9006(c)(1), for the reason(s) set forth below:

1. A shortened time hearing is requested because:
   Amendment period expires November 17, 2026; ordinary hearing is Dec. 3. Prior order's no-extension clause creates uncertainty under LBR 9013-6. See attached limited request.

2. A hearing is requested on or before:
   November 16, 2026, or earlier as the Court directs.

3. Reduction of the time period is not prohibited under Fed. R. Bankr. P 9006(c)(1).

The applicant requests entry of the proposed order shortening time.

Date: November 9, 2026

Signature

*rev.5/19/2025*

## LIMITED BASIS FOR SHORTENED-TIME REQUEST

Adv. No. 26-01339-EJO | Avrumi Lubin, individually

The underlying motion seeks a 30-day enlargement of the unused amendment period, from November 17, 2026 through December 17, 2026, not another extension to answer initially. Defendant's Answer was timely filed and served on October 27, 2026.

The ordinary notice period places the motion on December 3, after the existing amendment period expires. Defendant invokes D.N.J. LBR 9013-6, but seeks an earlier ruling because the initial-response order, ECF No. 13, states that no further extensions will be granted. Its application to this distinct amendment request should be clarified before the original amendment date.

The Court may limit earlier consideration to confirming interim protection or granting an interim extension pending the regular hearing. Alternatively, if the Court concludes the local rule already protects the amendment period, Defendant requests that clarification and the underlying motion may remain on December 3. Defendant does not request ex parte disposition of the merits of any counterclaim.

Defendant requests consideration on or before November 16, 2026, with the actual hearing, objection deadline and manner of service to be set by the Court. The original Answer, pretrial conference, initial disclosures and other deadlines remain unchanged. This request does not ask to add these matters to the November 10 Teton Life hearing.

The application and underlying motion will be provided to Plaintiffs, their counsel, the Chapter 11 Trustee, his counsel and the United States Trustee. Any entered shortening-time order must also be served as it directs. No consent by another party is represented.