**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Avrumi Lubin, pro se<br>Defendant, individually<br>605 West 42nd Street<br>New York, New York 10036<br>(718) 570-3796<br>josh@tetonfunding.com | Case No.: 26-17342 (EJO)<br>Chapter: 11<br>Adv. Pro. Nos.: 26-01315 (EJO), 26-01339 (EJO) and 26-01435 (EJO)<br>Hearing Date: December 3, 2026, at 10:00 a.m.<br>Judge: Hon. Eamonn J. O'Hagan |
| In re:<br>AVRUMI LUBIN a/k/a Josh Lubin,<br>Debtor. | |
| FVP SERVICING, LLC; FVP OPPORTUNITY FUND III, LP; and FVP INVESTMENTS LLC, *Plaintiffs*,<br>v. AVRUMI LUBIN, *Defendant*. | Adv. Pro. No. 26-01315 (EJO) |
| FRANKLIN CAPITAL GROUP, LLC and FRANKLIN CAPITAL FUNDING, LLC, *Plaintiffs*,<br>v. AVRUMI LUBIN, *Defendant*. | Adv. Pro. No. 26-01339 (EJO) |
| NICOLE TESTA MEHDIPOUR, as Chapter 7 Trustee of Excell Auto Group, Inc., *Plaintiff*,<br>v. AVRUMI LUBIN, *Defendant*. | Adv. Pro. No. 26-01435 (EJO) |

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE ADVERSARY PROCEEDINGS FOR DISCOVERY, PRETRIAL PROCEEDINGS AND JOINT TRIAL OF COMMON ISSUES

## PRELIMINARY STATEMENT

Three plaintiffs have sued Avrumi Lubin in three adversary proceedings that arise from the same 2021–2022 transactions among Spin Capital, LLC ("Spin"), Hi Bar Capital, LLC ("Hi Bar"), Excell Auto Group, Inc. ("Excell") and related companies. FVP and Franklin each ask the Court to except from discharge a judgment entered on the same Florida jury verdict. The Excell Trustee pleads the same Spin and Hi Bar transactions, the same November 2021 $6 million refinancing and the same Hi Bar settlements.

The plaintiffs coordinate with one another. Franklin Capital Funding, LLC and the Excell Trustee entered into a Common Interest Agreement to share information in prosecuting claims against Spin, Hi Bar "and their respective principals." Ex. A. FVP's counsel told a Florida court in 2022 that FVP had "entered into an agreement" with the Excell Trustee, Ex. B, and in 2025 that Franklin shares FVP's recovery under "a separate agreement" and that FVP and Franklin

have "a common interest agreement" that "would apply to any of these funds." Ex. C. Their settlement with Hi Bar, which is on this Court's docket, leaves the division of the registry deposit to their own separate agreements. Lubin Cert. ¶ 14.

Rule 42(a) lets the Court handle related proceedings together while keeping each one separate. Lubin asks for consolidation for discovery, pretrial proceedings and a joint trial of the common issues, with separate pleadings and judgments, safeguards for every party, and a short, severable statement of the plaintiffs' sharing agreements and actual receipts. The motion asks for no ruling on the merits, and it does not by itself stay anything; a separate motion addresses a finite stay.

## STATEMENT OF FACTS

The facts are set out in the Certification of Avrumi Lubin ("Lubin Cert."), its Exhibits A–D, and papers on this Court's dockets. In short:

- FVP (Adv. No. 26-01315) and Franklin (Adv. No. 26-01339) each seek, under 11 U.S.C. § 523(a)(2)(A) and (a)(6), to except from discharge a judgment entered on the same October 1, 2025 verdict in the same Broward County action (the "Florida Action"). Lubin Cert. ¶¶ 2, 5.
- The Excell Trustee (Adv. No. 26-01435) pleads § 523(a)(2)(A) and (a)(6) and objects to discharge under § 727, based on the same Spin and Hi Bar transactions with Excell, and describes her Florida adversary proceeding against Lubin. Id. ¶ 6.
- Franklin's Florida fraud count and the Excell Complaint both concern the November 2021 assignment and $6 million refinancing. FVP's Florida pleading and the Excell Complaint both concern the December 2021 Hi Bar settlement. Id. ¶¶ 6–8.
- The plaintiffs act under agreements with one another. Id. ¶¶ 10–14; Exs. A–C.
- On the joint motion of the Franklin entities, the FVP entities and Hi Bar, the Bankruptcy Court for the Southern District of Florida directed disbursement of $2,107,548.61 to FVP's counsel "to be further disbursed according to the settlement." Ex. D ¶ 2. Neither complaint here says what was received or credited. Lubin Cert. ¶¶ 15–16.
- All three proceedings have pretrial conferences on December 3, 2026, and no scheduling order has been entered. Id. ¶ 3.

## ARGUMENT

### I. Rule 42(a) gives the Court broad power to coordinate proceedings that share common questions.

Rule 42 applies in adversary proceedings. Fed. R. Bankr. P. 7042. "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or

all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Rule 42(a) "confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice." *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964). Its purpose is to "streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *United States v. 662 Boxes of Ephedrine*, 590 F. Supp. 2d 703, 707 (D.N.J. 2008) (quoting *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999)). In this district, "the purpose of Bankruptcy Rule 7042 is to avoid the unnecessary expense and delay of separate proceedings where such proceedings involve a common question of law or fact." *Official Unsecured Creditors' Comm. v. Rachles (In re S. Rachles, Inc.)*, 131 B.R. 782, 785 (Bankr. D.N.J. 1991).

The movant bears the burden, and a common question of law or fact is the threshold. *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998). "The mere existence of common issues, however, does not require consolidation." *Id.* The Court balances "the risk of prejudice and possible confusion against the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties and witnesses, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial and multiple-trial alternatives." *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003). "In the absence of an articulated basis to assert confusion or prejudice, consolidation is generally appropriate." *Id.*

Bankruptcy courts apply these rules to related dischargeability proceedings. In *In re Koper*, 517 B.R. 431 (Bankr. E.D.N.Y. 2014), three adversary proceedings sought to except debts from a pro se debtor's discharge. The court found common questions of law because "all three proceedings seek an exception to discharge" under § 523(a)(2) and (a)(6), and common questions of fact even though "the facts relating to the various claims arise out of different allegations of misconduct," noting that "many of the witnesses would be the same." *Id.* at 440. It consolidated them for trial, "as that would conserve judicial resources without any risk of prejudice to the parties or witnesses." *Id.*

## II. The three proceedings share common questions of law and fact.

**A. FVP and Franklin present the same central questions.** Both rest on one Florida Action, one jury trial and one verdict. Lubin Cert. ¶ 5. Both plead the same two subsections of § 523. Both argue issue preclusion, cite the same four cases, and say they are "[a]pplying New Jersey issue-preclusion law." *Id.* Several paragraphs of the two complaints are the same except for the party names. *Id.* Where complaints contain "identical allegations" and the motions in each are "premised on the same legal arguments," the common questions "clearly warrant

consolidating these actions." *662 Boxes*, 590 F. Supp. 2d at 707. And like the cases consolidated in *A.F.I.K.*, these proceedings press claims "against the same defendant for the same actions during the same period of time." 216 F.R.D. at 570.

The common legal questions include (1) which State's preclusion law governs the effect of the Florida judgments—both complaints invoke New Jersey law, while 28 U.S.C. § 1738 "directs a federal court to refer to the preclusion law of the State in which judgment was rendered," *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); (2) what the verdict actually decided as to each element of § 523(a)(2)(A) and (a)(6); and (3) the amount of any debt and the credits against it. Lubin disputes the plaintiffs' positions on each question. The point is that the same questions arise in both proceedings and should be decided once.

**B. The Excell Trustee's proceeding arises from the same transactions.** Franklin's fraud count—Count 7, one of the three counts on which its judgment rests—alleges that "[t]hrough Franklin Assignment Document and other communications, Spin and Lubin falsely alleged the Spin debt owing by Excell had been satisfied," to induce Franklin "to issue a loan to Excell," as part of "a $6,000,000.00 loan to refinance" Excell's loans. Lubin Cert. ¶ 7. The Excell Trustee alleges that, minutes after the November 1, 2021 Hi Bar wires, Lubin "executed an Assignment Document transferring Spin's obligations and claims to a third-party, Wing Lake, who funded $6 million to Excell." *Id.* ¶ 6. FVP's Florida pleading and the Excell Complaint both plead the December 2021 Hi Bar settlement that increased the balance claimed by Hi Bar. *Id.* ¶ 8. The Excell Trustee's Counts 1 and 2 seek the same exceptions to discharge—§ 523(a)(6) and (a)(2)(A)—that FVP and Franklin seek; as in *Koper*, common § 523(a)(2) and (a)(6) counts present common questions of law. 517 B.R. at 440. The same witnesses and documents will be needed in all three proceedings. Lubin Cert. ¶ 17.

**C. Distinct issues can be kept separate.** The claims are related, not identical: FVP and Franklin assert different judgment debts, and the Excell Trustee asserts a debt she says Excell's estate is owed and adds § 727 counts. Lubin Cert. ¶ 9. Rule 42(a)(1) allows the Court to join "any or all matters at issue," and Rule 42(b) allows a separate trial of "one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The overlap justifies a common discovery plan now; whether every issue should be tried together can be decided later on a fuller record. Lubin's position is that the § 727 counts cannot proceed in an individual Chapter 11 case before confirmation, *see* 11 U.S.C. §§ 103(b), 1141(d)(3); the proposed order leaves that question undecided.

## III. Coordination will save time and expense, reduce the risk of inconsistent results, and prejudice no one.

**A. Efficiency.** Separate proceedings would require Lubin and the same witnesses to address the same transactions three times: three sets of disclosures and document requests,

repeated depositions, three pretrial schedules and possibly three trials. Lubin Cert. ¶ 18. One schedule, coordinated discovery and a joint trial of the common issues avoid that.

**B. Inconsistent results and overlapping recoveries.** Trying related matters on separate occasions "would be duplicitous, unnecessarily time consuming, and possibly an invitation to controversy in one proceeding as to what had been decided in another." *Ellerman Lines,* 339 F.2d at 675. That risk is real here because the plaintiffs' recoveries are linked. Their settlement with Hi Bar released the registry deposit to FVP "subject to any other agreements between the FVP Parties and Franklin Parties regarding the division" of it, and the Florida bankruptcy court directed $2,107,548.61 to FVP's counsel "to be further disbursed according to the settlement." Lubin Cert. ¶¶ 14–15; Ex. D ¶ 2. Both plaintiffs pleaded in Florida that their damages are measured net of recoveries from joint tortfeasors. Lubin Cert. ¶ 16. Yet neither complaint here says what has been received or credited. *Id.* The record shows sharing arrangements, not amounts; and a direction to disburse is not proof of receipt or allocation. If each proceeding fixes the amount of a debt on its own, the same dollars could be treated inconsistently. One record avoids that problem.

**C. Safeguards; no prejudice.** The plaintiffs cannot fairly claim prejudice from coordinated handling of claims they already coordinate. FVP and Franklin tried their claims together in one Florida trial. Franklin Capital Funding, LLC and the Excell Trustee agreed in writing to share information in prosecuting claims against Spin, Hi Bar and their principals. Ex. A ¶¶ 3–4. FVP announced an agreement with the Excell Trustee in 2022. Ex. B, Tr. 8:21–25, 9:1–11. All three proceedings are at the same early stage. Lubin Cert. ¶ 3. Lubin does not offer these agreements as proof of wrongdoing; a common-interest arrangement does not by itself establish misconduct or end any legitimate privilege. They show overlapping sources of proof and linked recoveries.

Nor does consolidation merge the proceedings or change anyone's rights. Consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933); *see Hall v. Hall*, 584 U.S. 59 (2018) (cases consolidated under Rule 42(a) keep their separate identities). The proposed order keeps separate pleadings, parties and judgments; requires actual service on each affected party; preserves privileges, protective orders and objections; and lets any party seek a separate trial or additional examination time for good cause.

**D. *Koper* does not counsel against coordinated discovery here.** In *Koper*, the court consolidated for trial but declined to consolidate discovery or limit the debtor's deposition. The plaintiffs there argued that their proceedings were "based upon different facts." 517 B.R. at 439. The court found it "premature at this juncture" to judge whether the deposition would be duplicative, noted that earlier depositions "may not have focused upon the issue of

dischargeability," and relied on Rule 26 to "control the discovery process and prevent any abuse without the need to consolidate the multiple actions for discovery purposes." *Id.* at 440. Here the claims rest on the same transactions, and the plaintiffs already share information under their own agreements. Lubin asks that discovery be coordinated, not limited: common requests served once and answered once, and common witnesses examined jointly where practical, without a categorical bar on any necessary additional examination.

## IV. The Court should enter coordinating orders under Rules 42(a)(3) and 16.

Rule 42(a)(3) authorizes "any other orders to avoid unnecessary cost or delay." Rule 16, applicable through Bankruptcy Rule 7016, lets the Court act on "formulating and simplifying the issues," "avoiding unnecessary proof and cumulative evidence," "controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26," "adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems," and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(A), (D), (F), (L), (P).

The proposed order provides for a lead proceeding; filing of common papers in each affected proceeding; coordinated discovery with actual service on each party; joint examinations of common witnesses where practical; and a short statement from each plaintiff identifying, by date and parties, any agreement among the plaintiffs about prosecuting claims against Lubin or sharing recoveries, and the amounts it has actually received and credited toward the debt it asserts here. That last item is modest and severable. Each plaintiff must already disclose "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). The plaintiffs' own pleadings measure damages net of recoveries, and their counsel has described the sharing arrangements in open court. Lubin Cert. ¶¶ 13, 16. The statement would not require privileged legal advice or settlement communications; a plaintiff could state a specific objection and seek a ruling. If the Court prefers, it can take up this item at the pretrial conference without denying coordination.

## V. Scope of the motion and reservations.

Consolidation itself does not stay any proceeding or extend any deadline; Lubin's separate motion addresses a finite stay and explicit pleading dates. Any pending motions and the scheduled conferences remain in place unless the Court orders otherwise. Nothing in this motion or the proposed order decides or waives (a) any claim or defense, including whether any debt exists or is excepted from discharge; (b) Lubin's position that the § 727 counts are premature in an individual Chapter 11 case before confirmation; (c) Lubin's positions on the preclusive effect of the Florida judgments, including that Florida law governs; (d) any defense specific to one plaintiff, including Lubin's position that the April 4, 2023 order of the Oakland County, Michigan

Circuit Court in No. 22-193300-CB, which denied Franklin's motion to add fraud and conspiracy claims against Spin, precludes Franklin's fraud claims; (e) any defense or objection under Fed. R. Civ. P. 12(b), as applied by Fed. R. Bankr. P. 7012, in Adv. No. 26-01435; (f) any position on consent to entry of final orders or judgment by this Court; or (g) any pending motion. Equally, neither this motion nor coordination revives a waived defense, tolls a limitation period, or authorizes Lubin to prosecute a claim that belongs to another person.

## CONCLUSION

The Court should grant the motion and enter the proposed order consolidating Adversary Proceeding Nos. 26-01315, 26-01339 and 26-01435 for discovery, pretrial proceedings and a joint trial of common issues, with the safeguards it contains, or order such narrower coordination of common discovery and issues as the Court finds appropriate.

---

**Certification regarding generative artificial intelligence.** I used generative artificial-intelligence tools to help prepare this memorandum, including to check its citations and quotations against the original sources. I have read this memorandum before signing it.

Dated: November 11, 2026
Respectfully submitted,

______________________________

Avrumi Lubin, individually and pro se
605 West 42nd Street, New York, New York 10036
(718) 570-3796 | josh@tetonfunding.com