**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>Avrumi Lubin, Defendant, pro se<br>Mailing address: 1460 Arboretum Parkway<br>Lakewood, New Jersey 08701<br>Telephone: 732-608-4905<br>Email: josh@tetonfunding.com | Case No.: 26-17342-EJO<br>Chapter 11<br>Adv. Pro. No.: 26-01339-EJO<br>Hon. Eamonn J. O'Hagan |
| In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor.<br>FRANKLIN CAPITAL GROUP, LLC and FRANKLIN CAPITAL FUNDING, LLC,<br>Plaintiffs and Counterclaim-Defendants,<br>v.<br>AVRUMI LUBIN,<br>Defendant and Counterclaim-Plaintiff. | |

# DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT, WITH COUNTERCLAIM AND OBJECTION TO PROOF OF CLAIM NO. 6

Defendant Avrumi Lubin ("Defendant"), appearing pro se, answers the Complaint of Plaintiffs Franklin Capital Group, LLC and Franklin Capital Funding, LLC (together, "Franklin") as follows. Each numbered paragraph below responds to the paragraph of the Complaint with the same number. Any allegation not expressly admitted is denied. This First Amended Answer is served and filed as a matter of course under Fed. R. Civ. P. 15(a)(1)(A), made applicable by Fed. R. Bankr. P. 7015, within 21 days after Defendant served his Answer (ECF No. 14) on October 27, 2026. It replaces that Answer in full. It also states Defendant's counterclaim, which follows the Affirmative Defenses.

## NATURE OF THE ACTION

1. Defendant admits that the Complaint purports to bring an adversary proceeding under Fed. R. Bankr. P. 7001(f) seeking a determination under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6). Defendant denies that any debt owed to Franklin is excepted from discharge. Defendant admits that a jury returned a verdict in Franklin's favor on three counts in the Florida action identified in paragraph 7 and that a judgment was entered on that verdict; the verdict form and the judgment speak for themselves, and Defendant denies Franklin's characterization of them.

2. Defendant admits that a Florida jury returned a verdict in Franklin's favor on counts styled fraud and fraud in the inducement, tortious interference with business relationships, and civil conspiracy, and that a final judgment was entered on October 6, 2025. Defendant denies the remaining characterizations in paragraph 2. Defendant further states that the judgment is the subject of a pending appeal to the Florida Fourth District Court of Appeal (No. 4D2025-3564) and of a pending motion under Fla. R. Civ. P. 1.540 filed February 16, 2026, and that this

Court has held that the automatic stay applies to Defendant's Florida appeals (Main Case Dkt. 80).

## PARTIES, JURISDICTION, AND VENUE

3. Defendant admits that Franklin asserts claims against him as a judgment creditor and is a party in interest in the Chapter 11 case. Defendant disputes the amount of the asserted claim, including the application of credits and recoveries, and denies that any debt is excepted from discharge as alleged.

4. Defendant admits that he is the debtor in the above-captioned Chapter 11 case and that his petition listed 1460 Arboretum Parkway, Lakewood, New Jersey 08701. Defendant currently resides at 605 West 42nd Street, New York, New York 10036. His residence during the 180 days before the petition date is described in his sworn declaration (Main Case Dkt. 87-4).

5. Defendant admits that this Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, that this proceeding is core under 28 U.S.C. § 157(b)(2)(I), and that venue is proper under 28 U.S.C. § 1409. Pursuant to Fed. R. Bankr. P. 7012(b), Defendant consents to the entry of final orders and judgment by the Bankruptcy Court.

6. Defendant admits that the Complaint was filed on July 22, 2026, and does not contest its timeliness under Fed. R. Bankr. P. 4007(c).

## FACTUAL ALLEGATIONS

7. Defendant admits that he and Franklin were parties to the Florida action styled *FVP Opportunity Fund III, L.P., et al. v. Hi Bar Capital, LLC, et al.*, Case No. CACE-22-005125, Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida (the "Florida Action"), and that Franklin asserted counterclaims and crossclaims against him in that action. Defendant denies any remaining allegation of paragraph 7.

8. Defendant admits that Franklin's operative pleading asserted counts styled fraud and fraud in the inducement, tortious interference with business relationships, and civil conspiracy against him. The pleading speaks for itself. Defendant denies any further characterization.

9. Defendant admits that the jury trial of the claims against him began on September 24, 2025.

10. Defendant admits that on October 1, 2025 the jury returned a verdict in Franklin's favor on Count 7 (fraud and fraud in the inducement), Count 9 (tortious interference), and Count 10 (civil conspiracy), as reflected in the verdict form, which speaks for itself. Defendant denies any characterization beyond the verdict form.

11. To the extent paragraph 11 states a legal conclusion, no response is required. To the extent a response is required, Defendant disputes that the Florida findings necessarily establish every element of the federal discharge exception, while admitting that the verdict includes findings

for Franklin on fraud and conspiracy. The complete instructions, verdict and judgment govern the issues actually and necessarily decided.

12. Defendant admits that on October 6, 2025 the Florida court entered a Final Judgment in favor of Franklin Capital Funding, LLC, together with and for the benefit of Franklin Capital Group, LLC, and against Defendant, stating a principal amount of $6,000,000.00 as to each of Count 7, Count 9, and Count 10, and providing in paragraph 14 that Franklin "may obtain only one recovery in the total amount of . . . ($6,000,000.00), and there shall be no double recovery." The Final Judgment speaks for itself. The judgment remains under appellate review (see paragraph 2 above).

13. Defendant admits that the Final Judgment provides for post-judgment interest at the rate defined in Fla. Stat. § 55.03(3). Defendant denies that the "Judgment Debt," as Franklin defines it, is a debt for money obtained by fraud in its entirety, and denies that it is owed in the amount Franklin asserts, because the amount is subject to credits, setoffs, recoveries and the determinations described in the affirmative defenses below.

14. Denied.

**COUNT I - NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)**

15. Defendant repeats his responses to paragraphs 1 through 14.

16. Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies that the Judgment Debt is a debt for money or property obtained by false pretenses, a false representation, or actual fraud.

17. Denied. Defendant specifically denies that New Jersey issue-preclusion law governs; the preclusive effect of a Florida judgment is determined under Florida law (28 U.S.C. § 1738). Defendant denies that the verdict and Final Judgment establish each element of 11 U.S.C. § 523(a)(2)(A), including justifiable reliance under Franklin's false-representation theory and the required connection between fraud and the debt, and denies that the Florida requirements for collateral estoppel are satisfied.

18. Denied.

**COUNT II - NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)**

19. Defendant repeats his responses to paragraphs 1 through 18.

20. Paragraph 20 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that the Judgment Debt arises from a willful and malicious injury.

21. Denied.

22. Denied. Defendant disputes that the jury actually and necessarily determined every element of willful and malicious injury required by 11 U.S.C. § 523(a)(6), and refers to the complete verdict and instructions.

23. Denied.

## RESPONSE TO THE PRAYER FOR RELIEF

Defendant denies that Franklin is entitled to any of the relief requested in the "WHEREFORE" clause of the Complaint, including a determination of non-dischargeability, costs, or attorneys' fees.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that the law places on Franklin, Defendant asserts the following defenses. Defendant reserves the right to amend or supplement these defenses as discovery, the pending Florida appeal, the pending Rule 1.540 motion, and the post-trial findings in *Mehdipour v. Hi Bar Capital, LLC, et al.*, Adv. No. 23-01132-EPK (Bankr. S.D. Fla.) may warrant.

**First Defense (Florida preclusion law; elements not met).** The preclusive effect of the Florida verdict and judgment is governed by Florida law under 28 U.S.C. § 1738, not by New Jersey law as the Complaint asserts. Under Florida law, collateral estoppel requires, among other things, that the identical issue was actually litigated and was critical and necessary to the judgment. The Florida verdict did not actually and necessarily decide each element of 11 U.S.C. § 523(a)(2)(A) or § 523(a)(6).

**Second Defense (elements of § 523(a)(2)(A) not established by preclusion).** To the extent Franklin relies on a false-representation theory under 11 U.S.C. § 523(a)(2)(A), Franklin must establish each element, including a false representation made with knowledge of its falsity and intent to deceive, Franklin's justifiable reliance on it, and a resulting loss. Defendant disputes that the prior proceedings conclusively establish those elements against him under the applicable issue-preclusion standard; the exact instructions, verdict findings and judgment must be considered together. Among other things, the fraud instruction asked whether "Defendant Avrumi Lubin and/or Hi Bar Capital LLC" made a false statement, knew it was false, and intended that another would rely on it (Jury Instructions, filed Oct. 6, 2025, at 10), and the verdict form did not ask the jury to say which of them did so. On the separate questions concerning Spin Capital, LLC and Hi Bar Capital LLC, the jury answered "NO" when asked whether Defendant "actively participate[d] in the commission of a tort (civil wrong) through personal involvement in the wrongful act that led to [Franklin's] injuries or damages." To the extent Franklin relies on another person's fraud, Defendant disputes that the complete record establishes every requirement for nondischargeability of that liability; the conspiracy findings and judgment, as well as the separate veil-piercing and active-

participation findings, must be considered. Defendant also denies that Franklin has established a nondischargeable debt under any other theory of actual fraud. Defendant does not contend that § 523(a)(2)(A) can never reach a debt for another person's fraud. See *Bartenwerfer v. Buckley*, 598 U.S. 69 (2023). He disputes the precise issues necessarily resolved and their application here.

**Third Defense (money or property "obtained by" the alleged fraud; amount).** Defendant denies that Franklin has established that the Judgment Debt, in whole or in part, arises from fraud within the meaning of 11 U.S.C. § 523(a)(2)(A). Franklin must establish the required connection between actionable fraud and the debt for which it seeks nondischargeability, including any interest, fees, or other amounts. Defendant disputes that the verdict and Final Judgment conclusively establish that connection or resolve the credits and recoveries asserted below. This defense does not contend that nondischargeability is limited to funds personally received by Defendant. A count for tortious interference with a business relationship is not a count for fraud and does not, by itself, establish a debt for money obtained by false pretenses, a false representation, or actual fraud.

**Fourth Defense (no finding of willful and malicious injury).** Section 523(a)(6) requires "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). The verdict form did not ask the jury to decide whether Defendant intended to injure Franklin or acted with substantial certainty that injury would result. The tortious-interference instruction allowed a verdict against a defendant who either intended to cause the breach or termination of a relationship "or acted knowing that [his] . . . actions were likely to cause that result" (Jury Instructions, filed Oct. 6, 2025, at 13); a finding that injury was likely is not a finding of intent to injure. Defendant contends that the alternative grounds permitted by the instructions do not establish that the jury necessarily found every element of § 523(a)(6). Defendant therefore disputes that the issues actually and necessarily resolved by the verdicts on fraud, tortious interference and civil conspiracy establish each requirement of a willful and malicious injury under § 523(a)(6), and Franklin must establish that identity of issues from the complete record or prove any element the verdict did not resolve. Defendant disputes that collateral estoppel establishes Count II and denies that count on the merits.

**Fifth Defense (judgment under appellate review).** The Final Judgment is the subject of a pending appeal (Fla. 4th DCA No. 4D2025-3564) and a pending motion under Fla. R. Civ. P. 1.540 filed February 16, 2026. This Court has held that the automatic stay applies to Defendant's Florida appeals (Main Case Dkt. 80), and FVP, the other judgment creditor from the same Florida action, has moved to modify that stay so the appeals may proceed (Main Case Dkt. 33). If the judgment is reversed or vacated, it can no longer support Counts I and II. Defendant intends to ask the Court, by a separate request or at the pretrial conference, to hold

this proceeding in abeyance, or to phase discovery and dispositive motions, pending the Florida appellate decision, with periodic status reports. This defense does not by itself stay this proceeding. Defendant reserves his rights under Fed. R. Civ. P. 60(b)(5), made applicable by Fed. R. Bankr. P. 9024. Any abeyance requires a separate court determination.

**Sixth Defense (payment, satisfaction, setoff, recoupment and credit; one recovery).** The Final Judgment itself provides (¶ 14) that Franklin "may obtain only one recovery in the total amount of . . . ($6,000,000.00), and there shall be no double recovery." Any amount determined to be nondischargeable must be reduced by all amounts Franklin or its affiliates have received or recovered on account of the same loss, including recoveries from co-obligors, settlements, and, to the extent it compensates the same loss, any recovery on the judgment entered April 1, 2025 in favor of Franklin Capital Funding, LLC against Spin Capital LLC in *Franklin Capital Funding, LLC v. Spin Capital LLC, et al.*, No. 22-193300-CB (Mich. Cir. Ct., Oakland County), and Franklin may not obtain a double recovery for a single injury. The facts stated in paragraphs C-6 through C-16 of the Counterclaim below are part of this defense. Defendant requests only credits legally attributable to the same injury, with no duplicate credit.

**Seventh Defense (estoppel and waiver).** Franklin is barred, in whole or in part, by equitable estoppel and waiver, and by judicial estoppel to the extent Franklin takes positions in this proceeding that are clearly inconsistent with positions it successfully asserted in the Michigan, New York or Florida proceedings concerning the same transaction, the ownership of Spin Capital, LLC's rights, or the relationship among Defendant, Spin Capital, LLC and Hi Bar Capital, LLC. Defendant will identify the specific positions as Franklin asserts them in this proceeding and through discovery.

**Eighth Defense (attorneys' fees and costs).** Defendant denies that Franklin has established an applicable contractual, statutory or other legal basis for an additional award of attorneys' fees in this proceeding. Any request must identify its basis and satisfy its requirements, and Defendant disputes both entitlement and amount.

**Ninth Defense (reservation; claims belonging to others).** Defendant reserves the right to amend this Answer as permitted by Fed. R. Civ. P. 15, made applicable by Fed. R. Bankr. P. 7015, including to seek leave to assert additional defenses or any counterclaim he is legally authorized to assert. The only counterclaim asserted in this pleading is the one stated below, and it is Defendant's own. Defendant does not represent any company or the bankruptcy estate. To the extent any affirmative claim concerning the instruments and rights discussed here belongs to a company or to Defendant's bankruptcy estate, Defendant does not prosecute it in this pleading or purport to release or waive another owner's claim. Ownership, allocation and the scope of the October 23, 2026 Order (Adv. No. 26-01494, ECF No. 21) remain disputed; this pleading seeks no adjudication of another owner's claim. He does not concede

Franklin's reading of the 2021 assignment, the scope of that Order, or any claimed transfer of company rights, of other persons' participation interests, or of his personal defenses. Rule 13(a) reaches only a claim that the pleader has. Fed. R. Civ. P. 13(a)(1), made applicable by Fed. R. Bankr. P. 7013.

**Tenth Defense (Michigan determinations - collateral estoppel and res judicata).** In *Franklin Capital Funding, LLC v. Spin Capital LLC, et al.*, No. 22-193300-CB (Mich. Cir. Ct., Oakland County), Franklin moved for leave to amend its complaint to allege that Hi Bar Capital LLC and Spin Capital, LLC were alter egos of each other and to add a claim of fraud against Spin Capital, LLC (proposed Count VI) and a claim of conspiracy to commit fraud (proposed Count VII), concerning the 2021 assignment that also underlies Franklin's Florida fraud claim against Defendant. By order dated April 4, 2023, the Michigan court denied the motion "[f]or the reasons articulated in the Response" and stated that "the request here is futile." In rejecting the alter-ego theory, the order stated that "an unchallenged affidavit reflects that Hi Bar and Spin are separate entities; none of the members of Hi Bar are members of Spin; there is no common management of Hi Bar and Spin; and Josh Lubin is not a representative, member, manager, or otherwise affiliated with Hi Bar." (1) Collateral estoppel. Michigan permits collateral estoppel to be asserted defensively, without mutuality, against a party that had a full and fair opportunity to litigate the issue. *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 680-81 (2004). Defendant invokes that rule as to the issues actually litigated and determined against Franklin in the April 4, 2023 order, including the separateness of Hi Bar Capital LLC and Spin Capital, LLC and Defendant's lack of affiliation with Hi Bar Capital LLC. (2) Res judicata. Under Michigan law, a denial of leave to amend on the basis of futility "is in effect a determination that the added claims are substantively without merit," and "[s]uch a determination is entitled to res judicata impact." *Martin v. Michigan Consolidated Gas Co.*, 114 Mich. App. 380, 383-84 (1982). Defendant contends that Franklin is barred, in whole or in part, from establishing in this proceeding, through the Florida judgment or otherwise, the fraud theory that the Michigan court rejected. (3) Later Michigan rulings. The later rulings against Spin Capital, LLC rest on a different footing. Spin did not timely respond to Franklin's motion for summary disposition, and the court granted that motion on April 23, 2024, giving as one independent ground its scheduling order's rule that it "SHALL assume" that a party who does not timely file a brief "does not have any authority for his/her/its position(s)" (Opinion and Order, Apr. 23, 2024, at 1-3). The court then tried damages only, on November 15 and 18, 2024, and its March 12, 2025 findings describe Spin's challenge to the scope of the assignment as "relitigating liability, not damages" (Findings at 3, 20). The April 1, 2025 judgment awards contract and conversion damages against Spin Capital LLC only. Defendant was not a party to the Michigan action. He disputes that any later Michigan finding, including any finding about his own conduct, was actually litigated and necessarily decided as to him; he does not concede that Michigan law would permit any such finding to be used offensively against him as a

nonparty; and he does not concede that those findings or the judgment against Spin Capital, LLC bind him. (4) Franklin's positions in the Florida Action. On August 13, 2025 the Florida court heard a motion for summary judgment by Franklin Capital Funding, LLC, which asked that the Michigan findings be given collateral estoppel effect against Defendant. Franklin's counsel told the court that "under Michigan law, Mr. Lubin is in privity with Spin." (Aug. 13, 2025 Tr. 124:11-12.) The court asked whether Defendant had been sued individually in Michigan, and Franklin's counsel answered: "He was not even sued." (*Id.* 121:3-5.) The court said: "if you had sued Lubin, he might have waived it and so you could do it all at once. Instead, it seems piecemeal." (*Id.* 121:9-11.) Franklin Capital Funding, LLC had in fact filed a complaint against Defendant individually in the same Michigan court on April 15, 2024, with a count for fraud (Count IV), and had dismissed it by notice on June 24, 2024, without prejudice. (*Franklin Capital Funding, LLC v. Lubin*, No. 2024-206790-CZ (Mich. Cir. Ct., Oakland County).) Defendant does not contend that the dismissal has any preclusive effect; he states it as part of the history of Franklin's choice of forums. When Franklin's counsel asked, "So what your Honor is saying is the factual findings were not necessary to the claims?", the Florida court answered: "Exactly, and so he was not defending against claims of fraud." (*Id.* 134:5-8.) The court denied Franklin's motion. (*Id.* 136:5-6.) At the same hearing Defendant's counsel told the court that the Michigan order denying the alter-ego claim had been filed in the Florida Action on July 17, 2025. (*Id.* 130:19-23.) Defendant pleads this defense to preserve it. Its application is disputed, and Defendant will address in briefing the grounds and scope of the April 4, 2023 order, the later Michigan findings and judgment, the effect of the later Florida judgment, and preservation. Defendant also preserves, to the extent permitted, the claim-splitting objection raised on his behalf in the Florida Action on September 9, 2025, which the Florida court did not decide. The application of either preclusion doctrine depends on the precise issue, finality, party or privity requirements, and all subsequent rulings. Defendant does not ask this Court to sit in review of the Florida judgment.

**Eleventh Defense (Defendant's personal defenses).** Defendant appears solely for himself. The 2021 Assignment of Obligations and Merchant Documents names "Spin Capital" as assignor and Franklin Capital Group, LLC as assignee; it does not name Defendant individually as an assignor. Defendant disputes that that instrument transferred to Franklin his right to appear individually and to assert legally available defenses to the claims pleaded against him here. This is not an assertion that he may disregard binding orders or preclusion rules, represent an entity, or prosecute a claim that belongs to another, and nothing in this defense suspends or excuses compliance with any operative order. This defense does not concede that the 2021 assignment became effective or what it conveyed (see Ninth and Twelfth Defenses).

**Twelfth Defense (the 2021 assignment's payment condition).** Section 2 of the 2021 Assignment of Obligations and Merchant Documents provides that the assignment is "

[e]ffective upon receipt by Assignor of the Purchase Price, which Purchase Price must be paid by Assignee to Assignor by no later than November 3, 2021 (the 'Deadline') by wire transfer of immediately available funds in accordance with wire instructions set forth below." Section 11 designates Spin Capital, LLC's account at TD Bank ending in 6504. Section 7 permits the Evidence of Assignment to be used only "after receipt by Assignor of the Purchase Price." Spin's TD Bank statements for that account for October and November 2021 show no payment of any amount from Franklin Capital Group, LLC, Franklin Capital Funding, LLC or Wing Lake, and no payment of $1.00 from anyone. On information and belief, Franklin never paid the purchase price. Franklin's chief executive, Avrohom Baum, testified at the January-February 2026 trial in Adv. No. 23-01132-EPK (Bankr. S.D. Fla.) that he could not say whether the $1.00 was ever paid ("I can't tell you definitively") (Feb. 2, 2026 Trial Tr. 621:9-17; 622:8-10). Franklin's Michigan complaint nevertheless sought, as damages, "the consideration paid to Spin under the Assignment Agreement," as quoted in the Michigan court's March 12, 2025 findings (at 18). Defendant does not assert here any claim belonging to Spin Capital, LLC or to his bankruptcy estate (see Ninth Defense). He states these facts in support of his denials and of his Third, Sixth and Seventh Defenses, and he denies Franklin's allegations to the extent they depend on the assignment having become effective or on Franklin having paid consideration to Spin. Defendant recognizes that the Michigan court treated the assignment as effective on November 1, 2021. That statement appears in the court's discussion of an argument that, the court said, "could have been made at the time of the Court's ruling for summary disposition, but Spin failed to respond to the motion" (Findings at 20); liability had been decided on Franklin's unopposed motion, and the trial addressed damages (id. at 3). Defendant disputes that finding, and Spin has appealed (Mich. Ct. App. No. 379467).

**Thirteenth Defense (issue preclusion - veil-piercing and active-participation findings).** Franklin asked the Florida jury to hold Defendant personally responsible for the acts of Spin Capital, LLC and of Hi Bar Capital LLC by piercing the corporate veil and under the doctrine of active participation. As to each company, the jury answered "NO" to whether the corporate form was "formed or used for a fraudulent or improper purpose," and "NO" to whether Defendant "actively participate[d] in the commission of a tort (civil wrong) through personal involvement in the wrongful act that led to [Franklin's] injuries or damages" (Franklin Verdict Form, filed Oct. 6, 2025, at 4-7). Under the verdict form's own terms, a "NO" answer to any of questions 1 through 4 and to question 5 meant that Defendant "is not liable" under those theories. Defendant invokes issue preclusion, to the extent applicable under Florida law, as to those determinations, and denies that Franklin may hold him responsible in this proceeding for the conduct or debts of Spin Capital, LLC or Hi Bar Capital LLC on those theories. Defendant does not contend that these answers set aside the verdict on the counts on which the Final Judgment was entered. He disputes any attempt to treat the verdict as a blanket finding that

merges him with any company or transfers company property. The exact issues, time periods and legal effect remain subject to the complete record and applicable preclusion law.

**Fourteenth Defense (statement respecting an insider's financial condition).** To the extent Franklin relies on the written statement in § 1 of the 2021 Assignment of Obligations and Merchant Documents concerning the total outstanding Obligations, Defendant contends that § 523(a)(2)(B), rather than (A), governs if the statement bears a direct relation to the overall financial condition of Spin Capital, LLC and Spin qualifies as an insider for this purpose. *Lamar, Archer & Cofrin, LLP v. Appling*, 584 U.S. 709 (2018). A statement about one asset is not automatically excluded from subsection (A); the required financial-condition relationship must be established. Defendant does not concede falsity or reliance. Subsection (B) requires, among other things, a materially false writing and reasonable reliance.

## COUNTERCLAIM AND OBJECTION TO PROOF OF CLAIM NO. 6

Defendant Avrumi Lubin, for himself only, states this counterclaim against Plaintiffs Franklin Capital Group, LLC and Franklin Capital Funding, LLC (together, "Franklin") under Fed. R. Civ. P. 13, made applicable by Fed. R. Bankr. P. 7013. It includes his objection to Proof of Claim No. 6. Fed. R. Bankr. P. 3007(b) and D.N.J. LBR 3007-1(a) allow a claim objection to be made in an adversary proceeding. Counterclaim paragraphs are numbered C-1 and up so that they are not confused with the numbered paragraphs of the Answer.

### Scope, jurisdiction and parties

C-1. This counterclaim is Defendant's own. It asks the Court to fix the amount that Franklin may claim and collect. It seeks no money from Franklin.

C-2. Defendant does not state here any claim that belongs to his bankruptcy estate or to any company, and he does not act for the estate or for any company. He does not ask this Court to vacate, reverse or review the Florida judgments. His appeals are pending in the Florida Fourth District Court of Appeal, including No. 4D2025-3564, and are reserved. Nothing in this counterclaim waives any defense stated above, including the Tenth Defense.

C-3. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This counterclaim arises under title 11 and is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (I) and (O). Venue is proper under 28 U.S.C. § 1409(a). As Fed. R. Bankr. P. 7008 requires, Defendant states that he consents to the entry of final orders and judgment by the Bankruptcy Court on this counterclaim.

C-4. Defendant is the debtor in Case No. 26-17342-EJO, filed on June 25, 2026 (the "Petition Date"). He was a debtor in possession until a Chapter 11 trustee was appointed. The Court ordered the appointment of a trustee on September 17, 2026 (Main Case ECF No. 101) and approved the appointment of Benjamin A. Stanziale, Jr. on September 28, 2026 (Main Case ECF No. 124).

C-5. Franklin Capital Group, LLC and Franklin Capital Funding, LLC are the Plaintiffs. Proof of Claim No. 6-1, signed July 20, 2026, identifies Franklin Capital Funding, LLC as the creditor and asserts $6,367,888.74. Its notice section names Franklin Capital Funding, LLC and Franklin Capital Group, LLC. The attached judgment runs to Funding together with and for the benefit of Group; Defendant does not treat their interests as two separate recoveries.

**Facts: the amount of the debt**

C-6. On October 6, 2025 the Florida court entered its "Final Judgment in Favor of the Franklin Parties and Against Avrumi Lubin aka Josh Lubin on Jury Verdict" (Filing # 233055539), in the principal amount of $6,000,000.00 on each of three counts. Paragraph 14 provides: "The Franklin Parties may obtain only one recovery in the total amount of . . . ($6,000,000.00), and there shall be no double recovery." Defendant has appealed.

C-7. Proof of Claim No. 6-1 includes an interest calculation identifying $6,000,000.00 principal and $367,888.74 interest through June 25, 2026, totaling $6,367,888.74. Defendant acknowledges that this attachment explains the amount above principal; that difference alone is not an overcharge. The attachment does not itemize credits. Defendant requests reconciliation of payments legally attributable to the same loss and their effect, if any, on principal and interest. He does not infer from the total alone that a payment was omitted.

C-8. The Florida court entered an Order on Joint Motion to Endorse Settlement on August 14, 2025 (Filing No. 229455396). The Auto Wholesale of Boca bankruptcy court later entered a disbursement order, ECF No. 965, on August 27, 2025, in Case No. 22-15627-EPK. Defendant relies on those public orders to identify a potential source of legally applicable credits. No agreement terms are reproduced here.

C-9. The August 14 Order contains findings adverse to Defendant concerning his standing and rights in the proceeds. Defendant has challenged that order in his pending Florida appeal, No. 4D2025-3564. The written order remains operative. This counterclaim requests only a determination of legally applicable credits, not vacatur of that order or a distribution of its proceeds to Defendant.

C-10. The hearing record concerning the August 14 Order includes the August 13, September 3 and September 10, 2025 transcripts. Defendant had objected to the proposed order and sought clarification. The court denied clarification, and the written order was not changed. No claim against the drafting lawyers is asserted here.

C-11. Defendant requests production through appropriate discovery, subject to applicable privilege and confidentiality protections, of the records necessary to determine whether proceeds authorized by the public disbursement order resulted in a legally required credit against his debt. He does not seek public disclosure of agreement terms in this pleading.

C-12. Defendant requests the payment records and an explanation of how any relevant receipts were treated in the proof of claim and the asserted nondischargeable balance.

C-13. FVP filed a sworn credit accounting in the main case at ECF No. 52-1. Defendant seeks a separate reconciliation from Franklin. Neither the same payment nor the same credit may be counted twice. No recovery of company or estate property is requested in this Count.

C-14. Franklin Capital Funding, LLC also holds a judgment entered on April 1, 2025 against Spin Capital LLC in *Franklin Capital Funding, LLC v. Spin Capital LLC, et al.*, No. 22-193300-CB (Mich. Cir. Ct., Oakland County). An appeal is pending (Mich. Ct. App. No. 379467). To the extent that judgment compensates the same loss, collections on it must be credited as applicable law requires.

C-15. Franklin also claims rights under the 2021 Assignment of Obligations and Merchant Documents. Defendant disputes what that instrument conveyed and whether it became effective (see the Ninth, Eleventh and Twelfth Defenses). To the extent Franklin has collected or collects anything on the obligations, documents or collateral that instrument describes, those receipts must be reconciled and credited only to the extent legally attributable to the same loss.

C-16. Franklin asks this Court to hold the entire judgment debt nondischargeable. Any amount the Court holds nondischargeable would remain Defendant's personal obligation after this case ends. Defendant therefore has a direct, personal interest in the correct amount, and he is a party in interest who may object to the claim. 11 U.S.C. §§ 502(a), 1109(b).

**COUNT I**
**OBJECTION TO PROOF OF CLAIM NO. 6; DETERMINATION OF THE ALLOWED CLAIM AND ANY NONDISCHARGEABLE BALANCE**
**(11 U.S.C. § 502(b)(1)-(2); Fed. R. Bankr. P. 3007(b) and 7001)**

C-17. Defendant repeats paragraphs C-1 through C-16.

C-18. Defendant objects under 11 U.S.C. § 502(b)(1) and (2) to Proof of Claim No. 6-1 to the extent it includes an unenforceable amount or unmatured interest. Allowance must be determined as of June 25, 2026, with all legally required credits.

C-19. The actual controversy concerns the correct allowed claim and the correct amount of any nondischargeable obligation, including applicable credits and interest. Defendant acknowledges the interest attachment to Claim No. 6-1 and does not seek disallowance simply because its total exceeds the $6,000,000 principal judgment.

C-20. The judgment permits only one recovery of its principal award. Defendant invokes Fla. Stat. §§ 46.015(2) and 768.041(2) only insofar as their requirements are met, including legally attributable satisfaction of the same damages.

C-21. Defendant requests determination of the allowed petition-date claim and the amount of any debt held nondischargeable, after appropriate discovery, notice and hearing. He seeks a reconciliation supporting that determination, not a freestanding equitable-accounting cause of action or damages for an injury to another owner. He asks for the following relief:

(a) requiring, through appropriate discovery or case-management directions, a dated reconciliation of principal, interest, legally applicable payments and credits, together with supporting records produced under appropriate confidentiality protections;

(b) determining and allowing Claim No. 6-1 only in the amount enforceable and allowable as of the Petition Date;

(c) determining separately any nondischargeable balance, including legally allowable interest, without duplicate recovery or duplicate credits; and

(d) setting any required notice, objection-response and hearing schedule. Defendant does not notice a merits hearing on the claim objection for December 3, 2026, and does not ask to shorten Rule 3007's applicable notice requirements by this pleading.

**Claims not asserted; request for an express reservation**

C-22. Defendant's schedules identify potential claims against judgment creditors (Main Case ECF No. 48, Schedule A/B). Any claim that belongs to the estate or to a company must be asserted by a person with lawful authority, and a company must act through counsel. Defendant does not concede ownership of any disputed claim, release another owner's claim, or assume permission to pursue it. He reserves the right to request a specific ownership determination, authorization or other relief supported by evidence. No claim against a nonparty lawyer is commenced by this reservation.

C-22A. Defendant identifies his asserted personal-assignee interest under the signed March 17, 2025 Absolute Assignment of Interests and Rights from Spin to him individually. It concerns the January 28, 2022 Common Interest and Joint Litigation Agreement with Hi-Bar Capital, LLC and related claims; it is distinct from the 2021 assignment to Franklin. Defendant does not treat it as an assignment of every Spin claim. Because it predates his bankruptcy, Defendant requests directions for determining the specific rights conveyed and who may now enforce them under 11 U.S.C. §§ 323 and 541 before any affirmative recovery claim is pursued. This paragraph does not commence such a claim or ask to disregard an operative order.

C-23. Defendant requests that any judgment expressly preserve, to the extent lawfully appropriate, claims not adjudicated here that Defendant contends were assigned to him, that belong to another owner, or that Defendant later lawfully acquires, including by abandonment under 11 U.S.C. § 554 or by order of the Court. Defendant seeks appropriate directions if a threshold ownership or authority question requires resolution before a claim can be asserted.

## STATEMENT REGARDING CONSENT

Pursuant to Fed. R. Bankr. P. 7008 and 7012(b), Defendant consents to the entry of final orders and judgment by the Bankruptcy Court in this adversary proceeding, including on the counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court (a) enter judgment in his favor on Counts I and II of the Complaint, determining that the debt is not excepted from discharge under 11 U.S.C. § 523(a)(2)(A) or § 523(a)(6); (b) deny Franklin's request for costs and attorneys' fees; (c) enter judgment for Defendant on the Counterclaim, as requested in paragraph C-21; (d) include in its judgment the express reservation requested in paragraph C-23; and (e) grant such other relief as is just.

Preparation disclosure: I used generative artificial-intelligence assistance. I have reviewed this pleading before signing it and understand that I remain responsible for its factual and legal content.

Dated: November 17, 2026

Avrumi Lubin, individually, pro se
Mailing address: 1460 Arboretum Parkway, Lakewood, New Jersey 08701
732-608-4905 | josh@tetonfunding.com