**PARNESS LAW FIRM, PLLC**
136 Madison Ave., 6th Floor
New York, New York 10016
(646) 526-8261
hip@hiplaw.com
*Attorneys for Plaintiffs Franklin Capital Funding, LLC, and Franklin Capital Group, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | Case No.: 26-17342-EJO<br>Chapter 11<br><br>Adv. No. 26-01339-EJO<br>Hon. Eamonn J. O'Hagan |

**PLAINTIFFS' OBJECTION TO DEBTOR'S REQUEST FOR EXTENSION OF TIME TO AMEND ANSWER AND TO ADDRESS POTENTIAL COUNTERCLAIMS**

Plaintiffs Franklin Capital Group, LLC and Franklin Capital Funding, LLC (together, "Franklin"), by and through their undersigned counsel, object to the request of Defendant-Debtor Avrumi Lubin ("Debtor") for an additional extension of time to answer and to amend his answer and to address potential counterclaims.

Debtor has not established an adequate basis for an extension of time to Amend his Answer and to Address Potential Counterclaims, nor has he demonstrated a due diligence. Franklin relies upon the arguments set forth.

## I. BACKGROUND

In July 2026, Franklin filed its Complaint to Determine Non-Dischargeability of Debt Under 11 U.S.C. § 523(a) (the "Complaint") against Debtor, and served the Debtor. ECF 1, 3.

Debtor has therefore known of this adversary proceeding, and of his obligation to respond, since July 2026.

In August 2026, Debtor requested that the deadline to respond to the Complaint originally scheduled for August 24, 2026 be adjourned to September 28, 2026, and that the pretrial conference scheduled for September 24, 2026 be adjourned to October 15, 2026. ECF 4-6. Franklin consented (ECF 4), and the parties entered into a consent order addressing the adjournment and Debtor's deadline to answer or otherwise respond to the Complaint. ECF 7.

On September 23, 2026, Debtor emailed Franklin, asking for an additional extension of the time to answer or otherwise respond, through October 28, 2026. Parness Dec. Ex. A at 4. That same day, Debtor filed his Second Motion to Extend Time to Respond to the Complaint, seeking an extension of the September 24, 2026 date through October 28, 2026.

On September 29, 2026, however, Debtor emailed Franklin again, asking "[c]an we move the time to respond a few months? I am very busy with the trustee and working on getting things on guardrails here." *Id*. at 2 (emphasis added). Franklin indicated that it would not agree to "a few months," but that Franklin might be open to accommodating Debtor with an extension of a few weeks, conditioned on that extension being final and on there being no further requests for additional time. *Id*. at 2.

On September 30, 2026, Debtor responded, writing: "I need a few months with consenting to further extension. Theres a lot to evaluate here, including issues that potentially violate the United States Constitution. I am busy with this mess full time and have been busy with it full time for a while." *Id*. at 2 (emphasis added).

Debtor was ultimately given an extension until October 28, 2026. Ultimately he filed his answer on October 27, 2026. On November 9, 2026, Debtor filed the present motion seeking an

additional 30 days, through December 17, 2026, to amend his answer and potentially assert counterclaims. Debtor represents that he contacted the Chapter 11 Trustee and requested a claim-specific determination concerning the Trustee's position on the prosecution of certain claims. ECF 15-2.

Debtor contends that additional time is necessary to determine which claims he may properly assert and to avoid overlap with the Trustee's related adversary proceedings. *Id*.

Notably, Debtor seeks an extension through December 17, 2026, without explaining why additional time would be necessary. Nor does Debtor explain why he waited until November 9, 2026 to seek Trustees position concerning claims he now contends may affect his ability to amend his Answer.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 13(a), made applicable to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7013, requires a party to assert any compulsory counterclaim in its responsive pleading if the counterclaim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. Fed. R. Civ. P. 13(a); Fed. R. Bankr. P. 7013. A party's failure to assert a compulsory counterclaim in its responsive pleading generally precludes the party from asserting that claim in a subsequent proceeding, subject to applicable exceptions. *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 389–90 (3d Cir. 2002); *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978).

Under Federal Rule of Civil Procedure 15(a)(1), as incorporated by Federal Rule of Bankruptcy Procedure 7015, a party may amend its pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A); Fed. R. Bankr. P. 7015. Because Debtor served

its Answer on October 27, 2026, his deadline to amend as a matter of course was November 17, 2026.

Under Bankruptcy Rule 9006(b)(1), where a deadline set by the Bankruptcy Rules or by court order has not yet expired, the Court may enlarge the period "for cause" in its discretion. Fed. R. Bankr. P. 9006(b)(1). The Bankruptcy Rules does not define "cause". Courts interpreted the same "for cause" language in relation to Bankruptcy Rule 4004(b)(1), which similarly governs extension requests made before a deadline expires.

Whether cause exists is committed to the court's discretion. *In re Nevius*, 269 B.R. 209, 211 (Bankr. N.D. Ind. 2001). The movant bears the burden of demonstrating that cause exists, and while courts differ on the precise standard, "they agree on requiring proof of diligence from the movant." *421 Chestnut Partners, LP v. Aloia* (*In re Aloia*), 496 B.R. 366, 380 (Bankr. E.D. Pa. 2013.

The Supreme Court considered the impact Bankruptcy Rule 9006(b)(1) has on an opposing party and proceedings when considering the applicability of Bankruptcy Rule 9006(b)(1) prejudice to the opposing party, the length of the requested extension and its potential impact on the proceedings, the reason for the request, including whether it was within the movement reasonable control. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Accordingly, Debtor must establish cause for the additional time requested. Debtor has not made that showing.

## III. ARGUMENT

### A. Debtor Has Already Been Afforded an Excessive Amount of Additional Time and Has Had Months to Prepare

Debtor has already been afforded an extraordinary amount of time to prepare his Answer. After a series of extensions, the Court issued a further and final extension requiring Debtor to

submit his Answer by October 28, 2026 (ECF 13). Debtor has therefore had months of notice of this proceeding, multiple opportunities to prepare his response, and substantial additional time beyond his original deadline.

Debtor now seeks to use Rule 15(a)(1) as a new vehicle for delay. Although Rule 15(a)(1) affords a party a limited period to amend a pleading as a matter of course, it does not entitle a party to unlimited additional time or excuse the need to establish cause for an extension under Bankruptcy Rule 9006(b)(1).

Moreover, Debtor's present request provides no meaningful explanation of what he intends to amend, what additional claims or counterclaims he seeks to assert, or why the requested extension is necessary. Instead, Debtor relies on the general assertion that he is awaiting the Trustee's position concerning certain claims. He identifies no proposed amendments, provides no substantive description of the claims he may assert, and offers no explanation as to why the information he is awaiting prevents him from otherwise amending his Answer.

This request must also be considered against the history of this proceeding. Debtor has repeatedly sought additional time to respond to the Complaint, and the Court has already accommodated those requests. His present motion offers no materially different justification for further delay. Rather, it continues a pattern of requesting additional time without identifying with specificity what remains to be done, why it could not have been addressed earlier, or why the additional time requested is necessary. The Court should not permit the amendment deadline to become another vehicle for unnecessarily delaying this proceeding.

### B. Debtor Was Required to Assert Any Compulsory Counterclaims in His Answer and Has Not Established Grounds to Extend That Deadline.

Federal Rule of Civil Procedure 13(a), applicable in bankruptcy adversary proceedings through Federal Rule of Bankruptcy Procedure 7013, requires a party to assert any compulsory

counterclaim in its responsive pleading. A counterclaim is compulsory when it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require adding another party over whom the Court cannot acquire jurisdiction.

Debtor filed his Answer on October 27, 2026. Accordingly, any compulsory counterclaims that Debtor intended to assert against Franklin should have been included in that pleading. Although Federal Rule of Civil Procedure 15(a)(1) affords Debtor a limited period to amend his Answer as a matter of course, that provision does not entitle him to an additional extension of time through December 17, 2026.

Importantly, Debtor does not identify any specific counterclaims he intends to assert, explain the factual basis for those claims, or establish why he was unable to evaluate and assert them when he filed his Answer. Instead, Debtor seeks additional time to determine what claims he might have against Franklin. That is not a sufficient basis to extend the deadline. Debtor has been aware of this adversary proceeding since July 2026 and has already received multiple extensions to prepare his response.

The Court should not permit Debtor to reserve the right to assert potential counterclaims indefinitely while he continues to investigate what claims he may wish to pursue. Any compulsory counterclaims should have been asserted in his Answer. Debtor has not established grounds to extend that period further.

### C. The Trustee's Involvement Is Irrelevant to Debtor's Procedural Obligations in This Proceeding.

Debtor's reliance on his communications with the Chapter 11 Trustee provides no basis for extending the deadline in this adversary proceeding. Whatever position the Trustee may take concerning the prosecution of claims belonging to the bankruptcy estate, that determination is

separate from Debtor's obligation to respond to Franklin's Complaint and assert any counterclaims he believes he has against Franklin.

Debtor does not explain how the Trustee's position prevents him from evaluating or asserting his own defenses or personal claims against Franklin. Nor does Debtor explain why, if the claims are his own, he needs the Trustee's approval or a claim-specific determination before asserting them.

The question cuts against Debtor either way. To the extent Debtor believes certain causes of action belong to the bankruptcy estate, the issue of ownership and authority to prosecute those claims is governed by the applicable bankruptcy law. The Trustee's involvement does not provide Debtor with an automatic extension of his pleading deadlines, nor does it justify delaying Franklin's adversary proceeding while Debtor determines what claims he may wish to pursue.

Franklin's claims against Debtor are independent of whatever communications or proceedings Debtor may have with the Trustee. Debtor cannot use the Trustee's separate involvement as a basis to postpone his obligations in this action or obtain additional time to formulate potential counterclaims.

Accordingly, Debtor's reliance on the Trustee's involvement does not establish cause for the requested extension.

**D. Debtor Has Not Demonstrated Why an Extension Through December 17, 2026 is Necessary.**

Even accepting Debtor's representation that he is awaiting the Trustee's position, the Motion does not justify the length of the extension requested. Debtor represents that he requested a claim-specific determination from the Trustee by November 13, 2026. Yet he seeks an extension through December 17, 2026, an additional 34 days beyond the date by which he requested the Trustee's response.

The Motion provides no explanation for this additional period. Debtor does not identify what further investigation or preparation would be required after receiving the Trustee's response, why that work would require another 34 days, or why a shorter extension would be insufficient.

More importantly, the Trustee's response does not excuse Debtor from asserting any compulsory counterclaims against Franklin within the time permitted by the applicable rules. Debtor has had months to evaluate his potential claims and has not established why he should now receive another extension.

The requested extension would unnecessarily prolong these proceedings and prejudice Franklin by leaving open the possibility of additional claims long after Debtor has filed his Answer. The Court should not permit Debtor to use the amendment process as another means of delaying the resolution of this adversary proceeding. Further, if Debtor later identifies a genuine basis to amend, Rule 15(a)(2) supplies the proper vehicle: a motion for leave, which the Court evaluates for undue delay, bad faith, dilatory motive, and prejudice. Debtor should not be permitted to bypass the scrutiny by extending the as-of-right period.

## IV. CONCLUSION

For the foregoing reasons, Debtor has failed to establish cause for the requested extension under Bankruptcy Rule 9006(b)(1). Debtor has already received substantial additional time to respond to the Complaint, has failed to demonstrate diligence, and has not established any basis for delaying the assertion of potential counterclaims. The Trustee's separate involvement does not excuse Debtor's procedural obligations in this proceeding. Accordingly, Franklin respectfully requests that the Court deny Debtor's Motion.

.

Respectfully submitted,

**PARNESS LAW FIRM, PLLC**

Dated: November 25, 2026

By: /s/ Hillel I. Parness
Hillel I. Parness
136 Madison Ave., 6th Floor
New York, New York 10016
(646) 526-8261
hip@hiplaw.com
*Attorneys for Plaintiffs Franklin Capital Funding, LLC, and Franklin Capital Group, LLC*